# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JERIANA PERRIEN and**
**MICHAEL PERRIEN,**

     **Plaintiffs,**

**v.**                              **Case No.  8:08-cv-2586-T-30TGW**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Take Video Trial Testimony of Nonparty Witness, Tom Smith, in Advance of Trial, and Request for Reduced Briefing Schedule (Dkt. 129) and Defendant's Opposition to Plaintiffs' Motion for Miscellaneous Relief and Motion for Protective Order (Dkt. 130).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be denied because Plaintiffs may utilize Mr. Smith's deposition testimony during trial.

Plaintiffs' motion states that, during discovery, Plaintiff identified nonparty witness, Tom Smith, as the material damage adjustor for Defendant who conducted the physical inspection of Ms. Salo's vehicle in early February 2006.  Plaintiffs conducted Mr. Smith's discovery deposition on November 9, 2009.  Plaintiffs subsequently served Mr. Smith with

a subpoena to appear at the October 4, 2010 trial and were informed by Mr. Smith, on September 15, 2010, that he could not attend the trial because he was receiving treatment for cancer which would prevent him from traveling to Tampa.

Plaintiffs now move the Court to permit them to take a video trial testimony deposition of Mr. Smith.  Plaintiffs state that they intend to play the video of Mr. Smith's trial testimony to show that Defendant had other resources available to it, beyond a physical inspection, to determine the value of Ms. Salo's vehicle at the time it received an offer to settle Ms. Salo's claim in exchange for $18,767 of the $25,000 policy limits available to Plaintiffs for property damage, among other things.

Defendant opposes Plaintiffs' motion and argues, in part, that Plaintiffs can use Mr. Smith's deposition at the trial in light of his health issues.  Defendant points out that Plaintiffs do not state anywhere in their motion why they could not utilize Mr. Smith's deposition testimony at trial.  And Defendant moves for a protective order, because Defendant's Alabama counsel and local counsel are unavailable to attend a deposition prior to trial and would be prejudiced if they were required to appear at Mr. Smith's deposition, given the fact that they need that time to prepare for trial, which is less than two weeks away.

The Court concludes that Plaintiffs have not sufficiently demonstrated why they should be permitted to take Mr. Smith's deposition for use at trial.  Plaintiffs took Mr. Smith's discovery deposition on November 9, 2009.  Plaintiffs' motion is silent as to why they cannot utilize this deposition at trial to assert their theory that Defendant had other resources available to it, beyond a physical inspection, to determine the value of Ms. Salo's

vehicle.  Indeed, in a footnote, Plaintiffs merely state: "Plaintiffs are aware that they would likely be permitted to read portions of Mr. Smith's two (2) hour discovery deposition under Rule 32(a)(4)(B)."  (Dkt. 129, n. 1).  Accordingly, Plaintiffs' motion is denied.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Motion to Take Video Trial Testimony of Nonparty Witness, Tom Smith, in Advance of Trial, and Request for Reduced Briefing Schedule (Dkt. 129) is hereby DENIED.

2.      Plaintiffs may utilize Mr. Smith's November 9, 2009 deposition at trial if they so choose.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2586.mtvideotrialtestimony.frm